FARGO & CO. v. PETERSON *et al.*

PITKIN & BROOKS v. THE SAME.

MATTHEWS BROS. v. THE SAME.

Partnership : NO EVIDENCE TO ESTABLISH.

*Appeals from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, OCTOBER 20, 1888.

THE plaintiffs are creditors of a partnership under the name of A. True & Co., which was at one time engaged in the mercantile business in Wyoming, Jones county. By these actions it is sought to establish as a fact that the defendants, J. H. C. Peterson, Henry L. Peterson, W. D. Peterson and Mat Peterson were members of said partnership, and therefore liable for the debts of the firm. The defendants denied

that they were such partners. There was a trial by jury. At the close of the introduction of the evidence in behalf of the plaintiffs, the defendants filed a motion asking that the jury be instructed to find for the defendants. The motion was sustained, and plaintiffs appeal. It should be stated that the jury were sworn to try the first-named action, and that a stipulation was made that the other suits should abide the decision in the case which was tried.

*Remley & Ercanbrack*, for appellants.

*Stewart & White* and *Sheean & McCarn*, for appellees.

ROTHROCK, J.—It will be observed from the above statement that the issue presented was purely one of fact—whether the defendants were partners in said firm. It is not claimed that they were partners by any express agreement made between them and the active members of the concern who transacted its business with the public. The defendants were proprietors of a large mercantile establishment at Davenport, and a large part of the goods bought by True & Co. were purchased of them. It was sought to show that by the close relations between the ostensible partners and the defendants, and the manner of doing business between them, the defendants ought to be held as partners.

We have carefully examined the evidence in the case and unite in the conclusion that the district court correctly held that there was no evidence that defendants were members of the partnership, and that there was nothing in the case proper to be submitted to the jury. We need not set out and discuss the evidence.

The court sustained objections made by the defendants to certain evidence offered by the plaintiffs. We think these rulings were correct. The facts sought to be proved were too remote to be regarded as bearing upon the issue in the case.

AFFIRMED.